NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |
|---|---|

September 2, 2021

Howard A. Miller, Esq.
17 Mercer Street
Hackensack, NJ 07601
*Counsel for Defendant*

Thomas S. Kearney, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Preschel*
   **Criminal Action No. 19-00186**

Counsel:

Before this Court is Defendant Howard Preschel's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States of America v. Ibn Muhammad,* Crim. No. 12-789, 2020 WL 6543216, at *1 (D.N.J. Nov. 5, 2020), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

> defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).  As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Muhammad*, 2020 WL 16543216, at *2.

At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).  The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

If a court does find that "compelling and extraordinary reasons" exist, it must then consider the relevant sentencing factors under Section 3553(a) before determining whether a reduction is warranted.  *United States v. Dunich-Kolb*, Crim. No. 14-150, 2020 WL 6537386, at *9 (D.N.J. Nov. 5, 2020) ("That requirement is no mere afterthought; it has independent bite.").  These factors include, but are not limited to: the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, the need to promote respect for the law and provide just punishment, the need to encourage deterrence of criminal conduct, the sentencing range for the applicable offense category, and the need to avoid sentencing disparities.  *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020); *United States v. Naik*, Crim. No. 18-190, 2020 WL 6156715, at *2 (D.N.J. Oct. 21, 2020); *Dunich-Kolb*, 2020 WL 6537386, at *10.

B.

On or around August 7, 2019, Defendant pleaded guilty to one count of embezzlement from an employee benefit plan in violation of 18 U.S.C. § 664.  (D.E. 23.)  Defendant was sentenced on February 18, 2020 to 30 months' imprisonment, three years of supervised release, and restitution in the amount of $462,049.64.  (D.E. 27; D.E. 28; D.E. 31 at 2.)  Defendant began serving his sentence at the Federal Correctional Institute at Fort Dix ("FCI Fort Dix"), and is currently completing that term of imprisonment at the Federal Medical Center in Devens ("FMC

Devens"). (D.E. 34 at 2; Bureau of Prisons ("BOP"), https://www.bop.gov/locations/institutions/crw/ (last accessed Aug. 30, 2021).)

On June 3, 2021, Defendant filed his first motion for compassionate release with this Court. (D.E. 31; *see also* D.E. 32; D.E. 33.) That petition largely relied on a previous early release application (the "Application") that had been presented to the FCI Fort Dix Warden David Ortiz. (D.E. 31, D-1 to D-15.) Warden Ortiz denied the Application because Defendant filed it before serving 50% or more of his sentence. (*Id.*, D-6, D-15 (noting that Defendant had "requested … immediate Home Confinement" after having served "3.7% of his sentence").) Defendant first appealed that denial, (*id.*, D-7), and then filed the instant motion with this Court instead of refiling the Application for consideration on the merits after serving a sufficient percentage of his sentence. In his motion, Defendant argues that his offenses were non-violent and "white collar," and asserts that the costs of his home confinement monitoring would be paid by his family. (D.E. 32 at 5-6.) Defendant also notes that he has previously tested positive for COVID-19 while incarcerated. (D.E. 32 at 4.)

The Government opposed on July 21, 2021, arguing that Defendant's claims were not properly administratively exhausted, that Defendant recovered from COVID-19 "without significant consequence," and that Defendant has since been fully vaccinated against the disease. (D.E. 34 at 1-2.) Further, the Government points out that Defendant's medical conditions are well-controlled at FMC Devens. (*Id.* at 3-5 (noting that 88% of the FMC Devens population is vaccinated).)

C.

Defendant has failed to reply to the Government's argument that the Application's claims were not properly exhausted. (*See* D.E. 34 at 2-3.) However, even if Defendant has properly exhausted his claims, his motion fails to present grounds for early release.

"[T]o demonstrate extraordinary and compelling reasons for compassionate release, movants must show that they are particularly susceptible to serious illness or death should they contract COVID-19, usually as a result of one or more underlying comorbidities." *United States v. Singh*, Crim. No. 15-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021). Here, the Government acknowledges that Defendant suffers from, *inter alia*, obstructive sleep apnea, hypertension, diabetes, obesity, depression, and some kind of personality disorder. (*See* 32 at D-12; D.E. 34 at 3.) Thus, Defendant's serious health concerns are not disputed. According to the Centers for Disease Control and Prevention ("CDC"), Defendant is at a higher risk of severe illness from COVID-19 due to his health conditions. *See* CDC, *People with Certain Medical Conditions* (last updated Oct. 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.

Nonetheless, Defendant is fully vaccinated against COVID-19. (D.E. 34 at 1.) According to the CDC, the Moderna vaccine, which Defendant received, is approximately 94% effective. (D.E. 34 at 11.) Thus, because Defendant's "recent vaccination mitigates his risk from COVID-19," this Court concludes that Defendant "has not sustained his burden of establishing that extraordinary and compelling reasons weigh in favor of granting compassionate release, despite

the existence of underlying medical conditions that increase his susceptibility to serious illness." *Singh*, 2021 WL 928740, at *2-3 (discussing the Moderna vaccine's efficacy). Further, Defendant "contracted and recovered from COVID-19" months ago. *See United States v. Ulmer*, Crim. No. 18-00579-3, 2021 WL 844579, at *1-2 (E.D. Pa. Mar. 5, 2021) (collecting cases where courts "denied compassionate release at least partially because a movant already contracted the virus"). Taken together, these circumstances suggest that "[w]ithout the threat of the virus, [Defendant's] ailments are the types of conditions 'commonly addressed in the prison setting' and 'none substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility.'" *United States v. Hannigan*, Crim No. 19-373, 2021 WL 1599707, at *4-6 (E.D. Pa. Apr. 22, 2021).

Regardless, the Section 3553(a) factors offer independent grounds for denying Defendant's motion. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Council*, Crim. No. 18-219, 2020 WL 5215142, at *5 (M.D. Pa. Sept. 1, 2020) (finding compelling reasons for compassionate release but denying defendant's motion after weighing the Section 3553(a) factors); *United States v. Lisi*, 440 F. Supp. 3d 246, 253 (S.D.N.Y. 2020), *reconsideration denied*, Crim. No. 15-457, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) (same).

First, this Court considers Defendant's history and characteristics and the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3553(a)(1). Defendant's offense was non-violent, and there is no evidence to suggest a predilection for violence should he be released. (*See* D.E. 32.) Nonetheless, Defendant's criminal conduct involved repeated embezzlement from a pension plan over a period of seven and a half years. (*See* D.E. 34 at 1-2); *United States v. Shulick*, Civ. No. 16-428, 2020 WL 3250584 at 1-5 (E.D. Pa. June 16, 2020) (determining that the 3553(a) factors weighed against granting compassionate release to an inmate who served nineteen months of a sixty-month sentence for embezzlement and fraud offenses); *United States v. Scrivner*, No. 4:18-CR-184, 2020 WL 6151706, at *6 (E.D. Tex. Oct. 19, 2020) (denying compassionate release to an inmate who had repeatedly appropriated and embezzled funds from an entity for his own use over the course of three years). Thus, despite the non-violent nature of his crimes, Defendant's history and other characteristics weigh against release.

Other Section 3553(a) factors also weigh heavily against release. *See* 18 U.S.C. § 3553(a)(2). Defendant was sentenced to 30 months in prison and had served only a small portion of that sentence before immediately moving for early release. *See Dunich-Kolb*, 2020 WL 6537386, at *10 (denying release where defendant had "not served an amount that would adequately address the seriousness of the offense or serve the goals of punishment and deterrence"); 18 U.S.C. § 3553(a)(2)(a)-(c). Moreover, although this Court is sympathetic to Defendant's medical conditions, Defendant appears to be receiving adequate treatment for his medical conditions in confinement. *Hannigan*, 2021 WL 159970, at *7 (the "BOP is equipped to provide, and indeed has provided, significant medical care for [Defendant's] diagnosed conditions"); 18 U.S.C. § 3553(a)(2)(d). Further, Defendant's early release may create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). Finally, it is

unclear whether Plaintiff has made any amount of progress towards repaying the ordered restitution to the embezzled pension plan. 18 U.S.C. § 3553(a)(7). Therefore, this Court concludes that the Section 3553(a) factors do not weigh in favor of Defendant's early release. *See* 18 U.S.C. § 3553(a).

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release (D.E. 31; D.E. 32; D.E. 33) is **DENIED**. Should a change in circumstances so require, Defendant may renew his motion. An appropriate order follows.

       /s/ Susan D. Wigenton  
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties